Order Entered.

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| U.S.A. PARTS SUPPLY, CADILLAC ) | |
| U.S.A. AND OLDSMOBILE U.S.A. ) | |
| LIMITED PARTNERSHIP, ) | Case No.: 3:20-bk-00241 |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |

## MEMORANDUM OPINION

Michael Chiacchieri and Christopher Corrado (the "Judgment Creditors") seek the dismissal of this Chapter 11 bankruptcy case filed by U.S.A. Parts Supply, Cadillac, U.S.A. and Oldsmobile U.S.A. Limited Partnership (the "Debtor"). In their motion to dismiss, the Judgement Creditors contend that the court should dismiss this case because the court lacks subject matter jurisdiction. By a separate but related motion, the Judgment Creditors alternatively seek relief from the automatic stay in order to permit an election of a new managing partner for the Debtor.

In opposition, the Debtor contends that the court has subject matter jurisdiction. Specifically, it contends the Debtor's general partner, CUSAPS, Inc. ("CUSAPS"), either had or retroactively obtained authority to file the Debtor's Chapter 11 bankruptcy petition. Furthermore, the Debtor contends that the Judgment Creditors may not seek relief from the automatic stay to hold an election of a new managing partner. Even if the court permits such an election, the Debtor claims that such a vote would be futile because Mr. Cannan would possess a majority vote. Therefore, CUSAPS would remain the general partner regardless.

For the reasons stated herein, the court will deny the Judgement Creditors' motion to dismiss and their motion for relief from stay.

## I. BACKGROUND

The facts relevant to the Judgement Creditors' motions are relatively undisputed. The Debtor is a Maryland limited partnership with its principal place of business in Kearneysville,

1

West Virginia. The Certificate and Agreement of Limited Partnership dated May 30, 1990 (the "Partnership Agreement") named CUSAPS as the Debtor's general partner and several other limited partners. Notably, the Partnership Agreements states that "[t]he general partner shall cease to be such upon the happening of the events listed in Md. Corporations and Associations Art., Sec. 10-402 (3) or (4)." Additionally, in Section 8 of the Partnership Agreement, it states that "[i]f the general partner withdraws, the limited partners shall select a substitute general partner by majority vote." Furthermore, Section 11 states that "[i]f a general partner withdraws, the limited partners may elect a new general partner by a majority vote. In failing to do so, the limited partnership shall be dissolved and its assets distributed among the limited partners in the proportion of their limited partnership interest."

CUSAPS holds a 65% interest in the Debtor. Michael Cannan is the sole shareholder of CUSAPS. He also holds a 12.5% limited partnership interest in the Debtor. The Judgment Creditors also purport to be limited partners of the Debtor. Together, they hold a 10% limited partnership interest. All other limited partners collectively hold a 12.5% limited partnership interest in the Debtor.

Notably, Maryland's State Department of Assessments & Taxation (the "Department") forfeited CUSAPS's corporate charter on October 1, 2013. Nevertheless, on March 22, 2020, CUSAPS allegedly authorized the filing of the Debtor's Chapter 11 bankruptcy petition via a corporate resolution signed by Mr. Cannan and dated March 20, 2020 (the "Resolution"). On August 31, 2020, the Judgment Creditors filed their second motion to dismiss the Debtor's case. On the same day, they also filed a motion for relief from the automatic stay. Accordingly, the court took both matters under advisement on September 23, 2020.

Since September 23, 2020, it appears that CUSAPS filed Articles of Revival with the Department for its Maryland Charter. The Department received CUSAPS's payment and related forms; however, the status of CUSAPS's revival remains uncertain to the court.[1] Also, the Judgment Creditors seemingly held a Special Meeting of Limited Partners on September 22, 2020.

---

[1] According to the Debtor, CUSAPS filed all required annual reports, submitted Articles of Revival, and tendered all payments in full so that the Department may revived its charter. The Debtor included what appears to be a receipt from the Department corroborating these statements with its pleadings. However, the court has not been provided any information that confirms that CUSAPS's charter has been revived. Nevertheless, the court is satisfied with the evidence provided by the Debtor and will assume that the Debtor's charter has been, or will be, successfully revived. More importantly, whether CUSAPS has been revived is immaterial for the principle holding that it never was divested of its status as the Debtor's general partner.

The notice for the meeting, which the Judgment Creditors distributed on September 18, 2020, and filed with the court, states that the attendees would discuss both (1) the removal of CUSAPS as the general partner and (2) CUSAPS's potential replacement by appointing a new general partner. Importantly, the notice does not indicate that a vote would occur.

## II.   DISCUSSION

The Judgment Creditors seek dismissal of the Debtor's case for a lack of subject matter jurisdiction. Alternatively, they seek a modification of the automatic stay to permit the limited partners to elect a new managing partner. The Debtor opposes both motions. The court will address each issue in turn.

### A. Subject Matter Jurisdiction

The Judgment Creditors contend that the Debtor lacked the proper authorization to file its Chapter 11 bankruptcy petition; therefore, the court does not have subject matter jurisdiction in this case. Specifically, they argue that when CUSAPS forfeited its corporate charter seven years ago, CUSAPS's status as general partner ceased, and it lost the proper authorization to file a bankruptcy petition on the Debtor's behalf.

The Debtor opposes dismissal. Specifically, it contends that the forfeiture of CUSAPS's corporate charter did not cause it to withdraw as the Debtor's general partner. Even if the forfeiture did cause CUSAPS to withdraw, the Debtor argues that the subsequent inaction by the limited partners constitutes an agreement and acquiescence to the Debtor carrying on its business as if dissolution never occurred. Additionally, the Debtor contends that CUSAPS's revival with the state necessarily ratifies the Debtor's bankruptcy filing. Finally, the Debtor argues that the Judgment Creditors' contentions are precluded under the doctrine of approbation and reprobation.

A voluntary bankruptcy case "is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter." 11 U.S.C. § 301(a). If the court "finds that those who purport to act on behalf of the [Debtor] have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition." *Price v. Gurney*, 324 U.S. 100, 106 (1945). The determination of who has the authority to file a bankruptcy petition on behalf of a business entity is based on state law because "[t]he Bankruptcy Code does not establish what the internal requisites are for the initiation of a voluntary corporate bankruptcy proceeding." *In re American Globus Corp.*, 195 B.R. 263, 265 (Bankr. S.D.N.Y. 1996).

According to Maryland law, "relations among the partners and between the partners and the partnership are governed by the partnership agreement." MD CODE ANN. CORPS. & ASS'NS § 9A-103(a). To the extent the partnership agreement does not otherwise provide, [Maryland law] governs . . . ." MD CODE ANN. CORPS. & ASS'NS § 9A-103(a). Thus, Maryland law may be supplanted by a partnership agreement, if it so provides.

Generally, if a general partner is a corporation, it ceases to be general partner upon the happening of several statutorily defined events. MD CODE ANN. CORPS. & ASS'NS § 10-402. One such event is "the dissolution of the corporation or the revocation of its charter." MD CODE ANN. CORPS. & ASS'NS § 10-402(8). However, "if a corporation forfeits its charter, it may file for revival of the forfeited charter." MD CODE ANN. CORPS. & ASS'NS § 3-507(a). Revival validates "all contracts or other acts done in the name of the corporation while the charter was void." MD CODE ANN. CORPS. & ASS'NS § 3-512(1). Maryland courts have

> found the clear legislative intent to be that the revival of a corporate charter relates back to the date of the forfeiture. We have recognized, in accord with the legislative enactments, that all of the powers, authority, rights, and assets of the corporation at the time its charter was forfeited are vested in the corporation, after the revival, as fully as they were enjoyed and held at the time of the forfeiture, except as to those rights and assets of which the corporation was divested prior to the revival.

*Arnold Developer, Inc. v. Collins*, 318 Md. 259, 265-66 (1990) (citing *Cloverfields Imp. v. Seabreeze Prop.*, 280 Md. 382, 397 (1977)).

As noted above, CUSAPS ceased to exist as an entity approximately seven years ago when the Department forfeited its corporate charter. The court first looks to interpret the Partnership Agreement to determine if forfeiture of the corporate charter caused CUSAPS to lose its status as the Debtor's general partner. The Partnership Agreement provides that "[t]he general partner shall cease to be such upon the happening of the events listed in Md. Corporations and Associations Art., Sec. 10-402(3) or (4)."[2] Notably, it excludes § 402(8) which provides "[i]n the case of a

---

[2] Notably, MD CODE ANN. CORPS. & ASS'NS § 10-402(3), (4) list specific events in which a person ceases to be a general partner of a limited partnership:
(3) Unless otherwise provided in the partnership agreement or with the consent of all partners, the person's:
  (i) Making an assignment for the benefit of creditors;
  (ii) Filing a voluntary petition in bankruptcy;
  (iii) Being adjudged bankrupt or insolvent or having entered against him an order of relief in any bankruptcy or insolvency proceeding;
  (iv) Filing a petition or answer seeking for himself any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statute, law, or regulation;
  (v) Filing an answer or other pleading admitting or failing to contest the material allegations of a petition filed against him in any proceeding of this nature; or

4

general partner that is a corporation, the dissolution of the corporation or the revocation of its charter." MD CODE ANN. CORPS. & ASS'NS § 10-402(8).  After interpreting its plain text, the court finds that the Partnership Agreement supplants Maryland law by specifically excluding MD CODE ANN. CORPS. & ASS'NS § 10-402(8).  Therefore, CUSAPS did not lose its status as general partner when it forfeited its corporate charter.

Although the preceding analysis suffices to deny the Judgment Creditors' motion to dismiss, it also appears that CUSAPS provided all the required forms and tendered all necessary payments to the Department so that its charter may be revived.  Once revived, if not already, all prior acts made by CUSAPS would be retroactively validated, including its Resolution which undoubtably authorized the Debtor's voluntary petition.  Furthermore, the Resolution authorized Mr. Cannan to execute and deliver all documents necessary to perfect the filing of its petition and allowed him to appear at all of the Debtor's subsequent bankruptcy proceedings.  Pursuant to MD CODE ANN. CORPS. & ASS'NS § 3-512(1), CUSAPS's revival relates back to the date of forfeiture. Thus, it retroactively gained the authority to file the Debtor's Chapter 11 bankruptcy petition on March 22, 2020.  Having found that CUSAPS had the authority to institute the Debtor's bankruptcy proceedings, the court therefore finds that it possesses subject matter jurisdiction.

## B.  Relief from the Automatic Stay

In the alternative, the Judgment Creditors seek relief from the automatic stay to elect a new managing partner for the Debtor in accordance with the Partnership Agreement.  They contend that common law provides that the election of a managing partner is not a violation of the automatic stay.  They analogize a meeting of limited partners to elect a new managing partner to a meeting of shareholders to vote for a new board of directors, a right which they contend continues during bankruptcy.

The Debtor argues that the Judgment Creditors may not seek relief from the automatic stay to perform such an election.  Specifically, it claims that such an election would violate the protections afforded to the Debtor by the automatic stay.  Moreover, even if such act is not a

---

(vi) Seeking, consenting to, or acquiescing in, the appointment of a trustee, receiver, or liquidation of the general partner or of all or any substantial part of his properties;

(4) Unless otherwise provided in the partnership agreement or with the consent of all partners, the continuation of any proceeding against him seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statute, law, or regulation, for 120 days after the commencement thereof or the appointment of a trustee, receiver, or liquidator for the general partner or all or any substantial part of his properties without his agreement or acquiescence, which appointment is not vacated or stayed for 120 days or, if the appointment is stayed, for 120 days after the expiration of the stay during which period the appointment is not vacated.

5

violation of the automatic stay, it would be a futile endeavor because Mr. Cannan possesses a 77.5% majority vote.

The automatic stay is a statutory injunction against debt collection from a debtor. 11 U.S.C. § 362(a). The stay is extremely broad in scope. It provides a debtor with a breathing spell and protects a debtor from any action that would interfere with a debtor's ability to effectively reorganize. *See Houck v. Substitute Trustee Servs.*, 791 F.3d 473, 480-81 (4th Cir. 2015).

Here, the court finds that the motion for relief from stay is non-justiciable. Importantly, a meeting of limited partners appears to be an act outside of the penumbra of the automatic stay. *See* 11 U.S.C. 362(a). At the September 22, 2020 Special Meeting of Limited Partners, it is believed that the attendees would discuss both (1) the removal of CUSAPS as the general partner of the Debtor and (2) CUSAPS's potential replacement by appointing a new general partner. While the court has no knowledge of specifically what the attendees discussed at the meeting or if it occurred at all, a discussion between limited partners of these topics appears to be outside the penumbra of the automatic stay. *See* 11 U.S.C. 362(a).

In any event and notwithstanding the parties' arguments regarding the application of the automatic stay, the Partnership Agreement expressly provides that "[i]f the general partner withdraws, the limited partners shall select a substitute general partner by majority vote." As discussed above, CUSAPS has not withdrawn and it is still the Debtor's general partner. Therefore, no election is permitted at this time according to the Partnership Agreement.[3]

### III. CONCLUSION

Based upon the foregoing, the court will enter a separate order denying the motion to dismiss and the motion for relief from stay.

---

[3] Even if CUSAPS withdrew, Mr. Cannan still would have the right to vote a majority stake if an election were called. "If a general partner is a corporation, . . . and [it] is dissolved or terminated, its legal representative or successor shall automatically become a limited partner." MD CODE ANN. CORPS. & ASS'NS § 10-704(a)(2). Mr. Cannan, as the sole shareholder of CUSAPS, would succeed to CUSAPS's 65% general partnership interest in the Debtor, as well as maintain his own 12.5% limited partnership interest. In total, he would possess a 77.5% majority vote in any such meeting proposed by the Judgment Creditors. Therefore, if Mr. Cannan were to vote, his vote would ultimately determine any election.